IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE SAC AND FOX NATION, INC.,

    Plaintiff,

v.                                                      Case No. 17-2416-JWB

CONTAINMENT SOLUTIONS, INC., et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant Denali, Inc.'s ("Denali") amended motion to dismiss for lack of personal jurisdiction. (Doc. 35.)[1] The motion has been fully briefed and is ripe for decision. (Docs. 36, 42, 44.) Denali's motion is GRANTED for the reasons herein.

**I.    Procedural History and Relevant Facts**

Plaintiff, The Sac and Fox Nation of Missouri in Kansas and Nebraska, is a federally-recognized Indian tribe. Plaintiff is the owner and operator of the Sac & Fox Truck Stop ("truck stop") in Powhattan, Kansas. The truck stop was built in 1998 by contractor M.A.C. Corporation ("M.A.C."). Defendant Containment Solutions, Inc. ("CSI"), formerly Fluid Containment, Inc., is in the business of manufacturing fiberglass composite underground storage tanks. Denali is the parent company of CSI.[2] Denali is a Delaware corporation with its principal place of business in Houston, Texas. (Doc. 45 at 5-6.)

The original underground storage tank system at the truck stop contained four tanks. Two of the tanks were CSI's 15,000-gallon single wall fiberglass underground storage tanks (the "tanks"). They were designed and manufactured in 1998 by CSI and then sold to M.A.C. to install

---

[1] Denali's initial motion to dismiss (Doc. 34) is moot in light of the amended motion to dismiss before the court. (Doc. 35.)
[2] CSI has not challenged this court's personal jurisdiction over CSI.

at the truck stop. The tanks were installed according to CSI's specifications. The tanks had monitoring equipment as part of its system which would sound an alarm if there were any monitoring problems. On July 20, 2015, an alarm on the tanks went off. All pump dispensers were shut off by the truck stop staff. A video inspection showed a rupture of the single wall CSI tank used to store gasoline fuels. Plaintiff made a claim for a limited warranty under CSI's warranty on the tanks. CSI denied Plaintiff's warranty claims. (Doc. 45 at 11-14.)

In December 2016, the tanks were removed by M.A.C. New double wall tanks have been installed to replace the failed tanks. Ongoing remediation is being performed by Plaintiff at the truck stop. Estimated remediation costs for the failed tanks exceed $2.5 million. (Doc. 45 at 15-16.)

Plaintiff brought this action against CSI and Denali, alleging various claims of product liability, breach of warranty, negligence and fraud.[3] (Doc. 1.) Plaintiff has since filed an amended complaint. (Doc. 45.)[4] Plaintiff's amended complaint alleges that Defendants, including Denali, manufactured, marketed, distributed and sold the tanks to Plaintiff through M.A.C. Plaintiff further alleges that although Denali is the parent company of CSI, Denali exerts complete dominion over CSI and that the creation of CSI as a separate entity is a "subterfuge designed to defeat public convenience, justify a wrong, perpetrate a fraud and/or otherwise work an injustice." (Doc. 45 at 9.)

Denali moves to dismiss on the basis that this court lacks personal jurisdiction. (Doc. 35.)

---

[3] Plaintiff also brought claims against "ABC" Companies, which comprise of all of the previous corporations and holding companies that were purchased by Denali. Plaintiff alleges that the names and identities are yet to be discovered. (Doc. 45 at 6-7.)
[4] The amended complaint was filed after the motion to dismiss. However, the magistrate judge entered an agreed order in which the parties stipulated that the motion to dismiss and related filings were applicable to the amended complaint. (Doc. 49.)

**II.     Analysis**

On a Rule 12(b)(2) motion to dismiss, Plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendants. *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). If a defendant challenges the jurisdictional allegations, such as Denali has done here, Plaintiff "must support the jurisdictional allegations of the complaint by competent proof of the supporting facts." *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011, 1014 (D. Kan. 2006) (citing *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)). All factual disputes must be resolved in Plaintiff's favor and, to the extent that they are uncontroverted by Denali's affidavit, "the allegations in the complaint must be taken as true." *Id.* (citing *Intercon. Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir.2000) (only well-pled facts, as distinguished from conclusory allegations, accepted as true)).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1286-87 (10th Cir. 2007). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *Id.* at 1287 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1087 (10th Cir. 1998)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985). Therefore a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist

3

minimum contacts between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite minimum contacts may be established under one of two theories: "specific jurisdiction" or "general jurisdiction." If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903. General jurisdiction is based on an out-of-state corporation's "continuous and systematic" contacts with the forum state. *Id.* at 904. Specific jurisdiction exists if the defendant has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp.*, 471 U.S. at 472 (internal citations omitted); *See Mitchell v. BancFirst*, No. 17-2036, 2018 WL 338217, at *2 (D. Kan. Jan. 9, 2018).

Plaintiff contends that the amended complaint establishes both general and specific jurisdiction in this matter. (Doc. 42.)

**A. General Jurisdiction**

General jurisdiction arises based on a defendant's business contacts with Kansas. *Hutton & Hutton Law Firm, LLC v. Girardi & Keese*, 96 F. Supp. 3d 1208, 1217 (D. Kan. 2015). To establish general jurisdiction, Plaintiff must "demonstrate the defendant's continuous and systematic general business contacts." *Id.* at 1218.

Plaintiff contends that this court has general jurisdiction over Denali because of its subsidiaries' business in the state. Denali has submitted an affidavit by Ada Silva, Director of Corporate Tax and Controller, in support of its motion which attests to facts concerning Denali's operations. The affidavit states that Denali is a holding company for various companies in the Fiberglass Reinforced Plastic Industry; Denali is not registered to do business in Kansas; Denali does not have any real or personal property in Kansas; Denali does not solicit business in Kansas;

4

Denali does not maintain employees, offices, agents or bank accounts in Kansas; Denali does not manufacture, market or distribute any products; and Denali did not manufacture, market or distribute the tanks. (Doc. 36, Exh. A at 7-9.) In addition, the affidavit makes specific statements regarding Denali's relationship with CSI. The affidavit states that Denali caused CSI to incorporate; Denali owns all of the stock of CSI; Denali and CSI share some officers and one director but CSI has two different officers and three different directors; Denali and CSI are financially independent of each other; CSI is fully capitalized and Denali does not pay for the salaries or operating expenses; CSI and Denali do not treat assets of the one as assets of the other; CSI prepares its own financial statements and budgets; and the separate corporate entities have been maintained. (Doc. 36, Exh. A at 8-10.)

Plaintiff has attempted to controvert Silva's affidavit with numerous exhibits. Plaintiff, however, has not authenticated those exhibits as required by the rules. Affidavits and documents in support or in opposition to a motion to dismiss due to lack of personal jurisdiction must comply with Fed. R. Civ. P. 56(c),[5] "*i.e.*, they must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein." *Thompson v. Chambers*, 804 F. Supp. 188, 191 (D. Kan. 1992). While Fed. R. Evid. 902 provides for certain evidence to be self-authenticating, the exhibits submitted by Plaintiff are not self-authenticating documents. For example, Rule 902(4) provides that public records may be self-authenticated if they are certified copies. Although Plaintiff has attached several public records, such as SEC filings and Kansas Secretary of State filings, Plaintiff has not provided certified copies of the records. Notably, the Kansas Secretary of State filings attached to Plaintiff's memorandum clearly state that they are non-certified copies. (*See e.g.*, Doc.

---

[5] Rule 56(c) discusses supporting factual positions. The prior Rule 56(e) is now included in Rule 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321 n. 3 (1986).

42, Exh. 16.) Therefore, Plaintiff's exhibits are not self-authenticating and Plaintiff has not provided an affidavit to authenticate the same.

"Unauthenticated documents, once challenged, cannot be considered…" *Danaher v. Wild Oats Markets, Inc.*, 779 F. Supp. 2d 1198, 1205 (D. Kan. 2011).[6] Therefore, the court cannot consider Plaintiff's factual assertions made in an attempt to controvert Denali's facts as they are based on unauthenticated exhibits.

Denali does not dispute the fact that CSI sold the tanks to Plaintiff. The fact that CSI, as Denali's subsidiary, has conducted business in Kansas, is not sufficient to find general jurisdiction. "For purposes of personal jurisdiction, 'a holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity.'" *Good v. Fuji Fire & Marine, Ins. Co.*, 271 F. App'x 756, 759 (10th Cir. 2008) (quoting *Quarles v. Fuqua Indus., Inc.,* 504 F.2d 1358, 1362 (10th Cir. 1974) and citing *Benton v. Cameco Corp.,* 375 F.3d 1070, 1081 (10th Cir. 2004)).

In considering Denali's contacts with Kansas for the purpose of determining whether general jurisdiction exists, "courts have considered such factors as: (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation." *Hutton & Hutton Law Firm*, 96 F. Supp. 3d at 1218 (quoting *Trierweiler v. Croxton & Trench Holding Corp*., 90 F.3d 1523, 1533 (10th Cir. 1996)). None of these factors support a finding of general

---

[6] While *Thompson* was decided in the context of a motion for summary judgment, the same rule applicable for authentication in summary judgment motions is applicable in the context of a Rule 12(b)(2) motion. *Thompson*, 804 F. Supp. at 191.

jurisdiction. Based on Denali's affidavit, Denali does not solicit business in Kansas and does not do business in Kansas. Plaintiff has not properly controverted Silva's affidavit as to these facts. Therefore, Plaintiff has not established that this court has general jurisdiction over Denali.[7]

**B. Specific Jurisdiction**

    **a. Denali's Conduct**

Plaintiff also argues that Denali's conduct subjects it to specific jurisdiction in this forum. Specific jurisdiction applies when the suit arises out of or relates to a defendant's contacts with the forum state. *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 613-614 (10th Cir. 2012). To satisfy specific jurisdiction, Plaintiff's injury "must arise out of or relate to activities that [defendants] purposefully directed at residents of the forum." *Id.* at 617.

Plaintiff contends that Denali's actions show that it purposefully availed itself of this forum as CSI merged into Denali in 1997 and the tanks were manufactured and sold to Plaintiff by the "consolidated/merged" subsidiaries. (Doc. 42 at 24.) Denali's affidavit and exhibits detailing the corporate structure show that CSI is a separate entity from Denali. CSI was previously known as Fluid Containment. Based on Silva's affidavit and documentary evidence, current CSI never merged into Denali.[8] Therefore, the entities must be treated as separate for purposes of jurisdiction unless Plaintiff shows that there are circumstances that justify disregarding the corporate entity under an alter ego theory. *Good*, 271 F. App'x at 759.

Plaintiff also argues that Denali has purposefully availed itself of this forum by placing its product in the stream of commerce and using a sales network that markets throughout the United

---

[7] Plaintiff also cannot establish general jurisdiction under the theory that Denali is the alter ego of CSI, see discussion *infra*.
[8] There were other subsidiaries, including prior subsidiaries that were named Containment Solutions, Inc., that merged with Denali. However, current CSI, which is the named Defendant in this action, was previously named Fluid Containment and has not merged with Denali based on Silva's affidavit. (*See* Doc. 36, Exh. A.)

7

States. Plaintiff's position, however, is based on inadmissible evidence. Silva's affidavit states that Denali did not manufacture, market or distribute the tanks at issue in this action. Denali does not manufacture, market or distribute any products. (Doc. 36, Exh. A.) Denali also does not solicit business in Kansas. (*Id.*) Therefore, Plaintiff has failed to show that Denali purposefully availed itself of this state.

### b. Alter Ego

Plaintiff further contends that Denali is subject to personal jurisdiction in this state because it is the alter ego of CSI. Kansas law recognizes that a corporation may be the alter ego of another corporation. *Dean Operations, Inc. v. One Seventy Assocs.*, 257 Kan. 676, 680, 896 P.2d 1012, 1016 (1995). A nonresident parent corporation, like Denali, may be subject to personal jurisdiction in Kansas if it is the alter ego of CSI. *Doughty v. CSX Transp., Inc.*, 258 Kan. 493, 499-500, 905 P.2d 106, 111 (1995). The acts of CSI would then provide a basis for jurisdiction over Denali "even if it had no contact with the forum state." *Lemaster v. Collins Indus., Inc.*, No. 11-CV-2128-JTM, 2011 WL 5966911, at *3–4 (D. Kan. Nov. 29, 2011) (citing *Cotracom Commodity Trading AG v. Seaboard Corp.*, 94 F.Supp.2d 1189, 1195 (D. Kan. 2000)). Plaintiff must show "that application of Kansas law would result in 'piercing the corporate veil or imposing liability through agency principles.'" *Id.* (internal citations omitted).

There are ten factors that the court must review to determine whether Denali is the alter ego of CSI. The factors are whether:

> (1) the parent corporation owns all or a majority of the capital stock of the subsidiary; (2) the corporations have common directors or officers; (3) the parent corporation finances the subsidiary; (4) the parent corporation subscribed to all of the capital stock of the subsidiary or otherwise caused its incorporation; (5) the subsidiary has grossly inadequate capital; (6) the parent corporation pays the salaries or expenses or losses of the subsidiary; (7) the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation; (8) in the papers of the parent corporation, and in the statements of its officers, the subsidiary is referred to as such or as

a department or division; (9) the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation; and (10) the formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

*Doughty*, 258 Kan. at 499.

"Meeting just one of the alter ego factors is not enough." *Lemaster*, 2011 WL 5966911, at *4. Moreover, no specific combination or single factor is conclusive. *Id.* Plaintiff must make a further showing "that he would suffer an injustice if the court gives effect to the legal fiction of a separate corporations." *Id.* (citing *Doughty*, 258 Kan. at 500).

Reviewing the factors, Plaintiff has shown that Denali owns all the stock of CSI, caused its formation and has common directors and officers, although CSI does have directors and officers that are not directors and officers of Denali. These three factors weigh in favor of Plaintiff.

The remaining factors weigh in favor of Denali. CSI is fully capitalized and Denali does not pay CSI's employees' salaries and operating expenses. CSI has substantial business with other entities. CSI is referred to as a subsidiary and not a department or division. CSI's directors and executives act independently and both corporations have been maintained as separate entities. (See Doc. 36, Exh. A.)

Plaintiff has established that Denali owns CSI and that they have some common officers. These facts are not sufficient to establish personal jurisdiction. Mere ownership is not sufficient to disregard the independent corporate entities. *Ticor Title Ins. of Fla. v. Nations Holding Co.*, No. 07-2456-CM, 2008 WL 4427655, at *6 (D. Kan. Sept. 25, 2008) (citing *Farha v. Signal Cos.*, 216 Kan. 471, 532 P.2d 1330, 1337 (Kan. 1975). Also, "the fact that two corporations may have common officers, that one is the parent of the other, or that the parent selects from its own directors and officers the majority of directors of the other is, without more, insufficient to warrant disregard

of the corporate entity." *Id.* (citing *Schmid v. Roehm GmbH*, 544 F. Supp. 272, 275 (D. Kan. 1982)). Therefore, the factors weigh against a finding that Denali is the alter ego of CSI.

Finally, Plaintiff must show that it will suffer an injustice if the court gives legal effect to the two corporations. Plaintiff's amended complaint merely makes a conclusory statement that it will "work an injustice on Plaintiff." (Doc. 45 at 9.) Plaintiff's brief also makes a conclusory statement without stating how it would be an injustice. (Doc. 42 at 31.) Lacking any enlightening argument to the contrary from the Plaintiff, the court concludes that in a case such as this, where the only relief sought is money damages, the principal injustice that might lead a court to disregard the separateness of affiliated entities is where the parent corporation has intentionally undercapitalized the subsidiary and, as a result, the subsidiary would be without assets to satisfy a potential judgment. *See Luc v. Krause Werk GMBH & Co.*, 289 F. Supp. 2d 1282, 1290 (D. Kan. 2003) (subsidiary was undercapitalized and insolvent). No such showing has been made here. Accordingly, Plaintiff has not met its burden to show that it would suffer an injustice if the court declines to treat Denali as the alter ego of CSI.

Based on the foregoing, Plaintiff has not established that Denali is subject to personal jurisdiction through the acts of CSI.

### c. Website

Finally, Plaintiff argues that Denali is subject to personal jurisdiction in Kansas based on its website. The Tenth Circuit determined that "maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc*., 896 F. Supp. 2d 1049, 1060 (D. Kan. 2012) (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011)). With respect to a web site, there must be evidence that Denali

"actually and deliberately used its website to conduct commercial transactions on a sustained basis with a substantial number of residents of the forum." *Id.* Plaintiff has failed to introduce such evidence. Therefore, Denali cannot be subject to personal jurisdiction because it operates a website.

**III. Conclusion**

The court finds that Plaintiff's amended complaint fails to establish that this court has personal jurisdiction over Denali. Denali's amended motion to dismiss (Doc. 35) is GRANTED, such dismissal to be without prejudice[9], for the reasons set forth herein.

IT IS SO ORDERED this 20th day of July, 2018.

                                             _s/ John W. Broomes_____
                                             JOHN W. BROOMES
                                             UNITED STATES DISTRICT JUDGE

---

[9] *See Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1217 (10th Cir. 2002) (holding that a dismissal for lack of personal jurisdiction should be without prejudice).